## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CHRISTINE JENKINS,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )    Case No. CIV-14-548-FHS-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
        Defendant.                )

### REPORT AND RECOMMENDATION

Plaintiff Christine Jenkins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 4, 1974 and was 39 years old at the time of the ALJ's latest decision. Claimant completed her education through the seventh grade. Claimant has worked in the past as a waitress, cashier, and certified nurse's aide. Claimant alleges an inability to work beginning August 5, 2000 due to

3

limitations resulting from bipolar disorder, anxiety disorder, borderline personality disorder, PTSD, polysubstance abuse, migraine headaches, lumbar disc disease with radiculopathy, and exposure to hepatitis C. The ALJ in the latest unfavorable decision found Claimant has no past relevant work. (Tr. 1127).

**Procedural History**

On February 3, 2004, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on June 20, 2006. On appeal, the decision was reversed and the case was remanded by Order entered December 13, 2007.

On remand, the ALJ conducted a second administrative hearing resulting in a second unfavorable decision issued September 26, 2008. The decision was appealed to the United States District Court for the Western District of Arkansas resulting in a reversal and remand by Order entered February 17, 2011.

On remand, the ALJ conducted a third administrative hearing resulting in a third unfavorable decision issued April 4, 2012. The decision was appealed to this Court resulting in a reversal and

4

remand by Order entered September 30, 2013.

On remand, the ALJ conducted a fourth administrative hearing resulting in a fourth unfavorable decision issued October 3, 2014. Claimant did not file exceptions with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to make a proper credibility determination; (2) arriving at an improper RFC determination; and (3) failing to fully develop the record.

## Credibility Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of bipolar disorder, anxiety disorder, borderline personality disorder, posttraumatic stress disorder

5

("PTSD"), polysubstance abuse, migraine headaches, lumbar disc disease with radiculopathy, and exposure to hepatitis C. (Tr. 1110). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ determined Claimant could lift/carry 10 pounds occasionally and 10 pounds frequently; stand or walk for two hours in an eight hour workday; sit for six hours in an eight hour workday; push/pull as much as he can lift or carry; occasionally use foot controls; occasionally climb ramps and stairs but never climb any ladders, scaffolds, or ropes; never crawl; occasionally kneel, frequently crouch, balance, and stoop; should not work around unprotected heights, moving mechanical parts, or temperature extremes; must have a sit/stand option that allows for a change in position at least every 30 minutes. Due to psychological factors, Claimant can perform simple tasks and make simple work related decisions; have no more than occasional interaction with supervisors and co-workers, and no contact with the public. Due to episodic symptomatology, Claimant would be off task five percent of the workday and may miss up to one day of work each month. (Tr. 1118).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of document preparer, touch up screener, and semi-conductor bonder,

all of which the expert testified existed in sufficient numbers both regionally and nationally. (Tr. 1128). As a result, the ALJ found Claimant was not disabled since February 3, 2004. (Tr. 1129).

Claimant asserts that the ALJ erred in his assessment of Claimant's credibility. Claimant challenges the sufficiency of the ALJ's analysis. The ALJ discussed the medical findings and treatment history, Claimant's daily activities, and inconsistencies in Claimant's subjective statements. (Tr. 1121-23). For example, Claimant testified she suffered from severe low back pain. The ALJ indicated, however, that the objective studies of her back demonstrated that Claimant only had mild degenerative changes. Moreover, she received little or no treatment for the conditions that were present. (Tr. 1121).

The ALJ questioned the severity of Claimant's symptoms because of the gaps in her treatment. The record did not indicate any treatment from June of 2004 and January of 2007, from April of 2011 and January of 2012 or after August of 2012. (Tr. 1112, 1115). The ALJ correctly reasoned that Claimant would have sought treatment more consistently if her conditions were as severe as alleged.

The ALJ enumerated several inconsistencies in Claimant's

7

testimony as compared to statements she made elsewhere in the record. These inconsistencies included her education, the frequency of her alcohol and drug use, and the timing of the alleged onset of her back condition. (Tr. 1122).

Claimant also references an allegation that she could not afford treatment due to financial difficulties. However, the ALJ reasoned that providers had offered Claimant pharmaceutical assistance programs which could have provided free or low cost medications. (Tr. 1122; Soc. Sec. R. 96-7p). He also acknowledged Claimant's willing expenditures on cigarettes, marijuana, methamphetamine, and narcotics in lieu of treatment. (Tr. 1122).

The ALJ also noted that Claimant reported running on a treadmill in August of 2010 which the ALJ found would be inconsistent with debilitating back pain. (Tr. 1121).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location,

duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ provided a thorough analysis of Claimant's credibility in light of the objective medical record. No error is found in the analysis.

## RFC Determination

Claimant references several restrictions which she contends should have been included in the RFC. Claimant first states that positive straight leg raising would have prevented Claimant from working a 40 hour workweek. This observation occurred two and one half years before the relevant period. The same examiners noted Claimant ambulated well and the MRI failed to document supportive findings. (Tr. 359-60). Moreover, a 2004 straight leg raise test was negative as was another test in January of 2012. (Tr. 1112, 1121).

Claimant also contends the ALJ should have adopted the evaluation done by Dr. Robert L. Spray on April 28, 2004. Dr. Spray diagnosed Claimant with PTSD, bipolar disorder with psychotic features, rule out borderline intellectual functioning, rule out personality disorder, NOS. (Tr. 202). Dr. Spray completed a source statement on April 20, 2004. He found Claimant's abilities were poor in the areas of working with or near others without being distracted by them; completing a normal workday or workweek; and accepting instructions and responding appropriately to criticism from supervisors. (Tr. 206-07).

The ALJ gave Dr. Spray's opinion "little weight", finding it was not fully supported or consistent with the medical record.

(Tr. 1124). The ALJ accurately reported that Dr. Spray's evaluation report findings were not as restrictive as the source statement opinion on functioning. (Tr. 1124). He also noted that Dr. Spray made his findings without the knowledge of Claimant's substance abuse. (Tr. 1125).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). The ALJ met his obligation under the law to provide justification for rejecting the functional findings made by Dr. Spray.

Claimant also contends the ALJ failed to adequately consider her low GAF scores. The ALJ did consider Claimant's GAF scores. (Tr. 1126). A low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of

11

unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. The record indicates that the ALJ gave appropriate consideration to Claimant's GAF scores.

**Duty to Develop the Record**

In a curious final argument, Claimant contends the ALJ failed to develop the record on some unidentified additional physical impairment apparently not accounted for in the severe impairment analysis or the RFC. Without more information as to the exact nature of these additional medical conditions, the argument cannot be addressed. In a case where a claimant is represented by counsel, "the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." Cowan v. Astrue, 552 F.3d 1182, 1188 (10th Cir. 2008)(citations omitted).

**Conclusion**

The decision of the Commissioner is supported by substantial

evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2016.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE